**COSMOMAR SHIPPING CO., LTD.,
as the former owner of the M/V
PRINCE NICOLAS, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 401 CV 191.**

United States District Court,
S.D. Georgia,
Savannah Division.

July 24, 2002.

---

Phillip A. Bradley, Richard E. Moberly, McKenna, Long & Aldridge, LLP, Atlanta, GA, Jon B. Coats, Jr., J. Dwight LeBlanc, III, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Plaintiff.

Stephen G. Flynn, Washington, DC, for Defendant.

## ORDER

EDENFIELD, District Judge.

### I. INTRODUCTION

In this Suits in Admiralty Act (SAA) case (46 U.S.C. §§ 741 *et. seq.*) against the United States, plaintiff Cosmomar Shipping Co., LTD, alleges that it owned a vessel negligently damaged in the custody of the U.S. Marshal's Service and/or its substitute custodian, H. David Scott.[1] It therefore seeks to recover for that loss. The United States moves to dismiss plaintiff's claim for lack of subject matter jurisdiction or failure to state a claim for which relief can be granted.

### II. BACKGROUND

Cosmomar owned the M/V PRINCE NICOLAS in 1999, when it chartered it to a third party. Doc. #1 ¶ 6. Unknown to Cosmomar, that party attempted to use the ship to transport illegal aliens into the U.S. *Id.* ¶ 7; 499CV221, doc. #52 at 1.[2] Immigration and Naturalization Service agents searched the PRINCE NICOLAS, discovered the aliens, and seized the ship

---

1. The caption above reflects the fact that plaintiff Cosmomar dropped H. David Scott from this case as a defendant. Doc. #12 at 1.

2. The facts established in the previous forfeiture case that arose when the U.S. seized the PRINCE NICOLAS, 499CV221, and referred to in this Order are binding upon Cosmomar in the present case under the doctrine of collateral estoppel because "(1) the issue at stake [is] ... identical to the one involved in the prior litigation, (2) the issue [was] ... actually litigated in the prior suit, (3) the determination of the issue in the prior litigation [was] ... a critical and necessary part of the judgment in that action, and (4) the party against whom the earlier decision is asserted

in the port of Savannah, Georgia. 401CV191, doc. # 1 ¶ 7.

Subsequently, the U.S. instituted forfeiture proceedings against the vessel, so the Marshal's Service took custody of it. The service later contracted with Scott to act as the ship's substitute custodian. *Id.* ¶¶ 10–11. During that custody, the PRINCE NICOLAS suffered flood damage and other (possibly theft-related) losses. *Id.* ¶¶ 13. Cosmomar attributes those losses to the Government's negligence. *Id.* ¶ 14–17.

## III. *ANALYSIS*

"[T]he United States, as sovereign, is immune from suit unless it consents to be sued." *Mid–South Holding Co., Inc. v. U.S.*, 225 F.3d 1201, 1203 (11th Cir.2000). The SAA's sovereign immunity waiver provides the sole basis for admiralty claims against the U.S. *Id.;* 46 U.S.C. § 742. Both parties agree that the SAA applies here. Doc. # 1 at 1; # 15 at 6.

But the Government argues that the discretionary function and law enforcement exceptions found in the Federal Tort Claims Act (FTCA)—another sovereign immunity waiving statute under which aggrieved parties can sue the Government, *see* 28 U.S.C. § 2671—should be imported into the SAA and thus bar the instant claim. Doc. # 15 at 5–15. The law enforcement exception exempts the Government from the FTCA's immunity waiver. 28 U.S.C. § 2680(c). When the U.S. filed the forfeiture action here, the law enforcement

exception provided[3] that the FTCA's waiver of sovereign immunity would *not* apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. § 2680(c).

The Eleventh Circuit has not ruled on whether courts should engraft the FTCA's law enforcement exception onto the SSA. The issue was presented to but not addressed by *Mid–South Holding,* 225 F.3d at 1204. This and other district courts, however, have held that the FTCA's law enforcement exception applies to the SSA. In *Peterson v. U.S.,* 1986 WL 15639 (S.D.Ga.1986) (unpublished), this Court applied *Kosak v. U.S.,* 465 U.S. 848, 858, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984), to conclude that, since law enforcement was a core governmental activity that should not be chilled by damages suits, the FTCA's law enforcement exception should be imported into the SSA. *Peterson,* 1986 WL 15639 at * 4.

That exception filled a logic gap in the law: "seizures and detentions of illegal goods on land by customs or law enforcement officials would qualify for sovereign immunity, while the same activity at sea would subject the government to liability." *Id.* That result dovetailed with both the FTCA's discretionary function exception and the *Feres* doctrine, which prohibits servicemen from making claims for "injuries [that] arise out of or are in the course of activity incident to service." *Id.*

---

... had a full and fair opportunity to litigate the issue in the earlier proceeding." *S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta,* 833 F.2d 1477, 1483 (11th Cir.1987)

**3.** Congress amended the FTCA's law enforcement exception in 2000, but it only applies to

forfeiture actions commenced on or after 8/23/00. Pub.L. No. 106–185, 114 Stat. 202, 225 (4/25/00). Because the Government instituted forfeiture proceedings against the PRINCE NICOLAS on 10/15/99, 499CV221, doc. # 1, the amendment does not apply here.

Yet, the Fifth Circuit has refused to incorporate the law enforcement exception into the SSA. *B & F Trawlers, Inc. v. U.S.,* 841 F.2d 626, 629 (5th Cir.1988). That court pointed out that Congress enacted the FTCA in 1948 and explicitly included the law enforcement exception there, but then failed to amend the SSA to do the same. *Id.* at 626–27.

However, that rationale fails to consider the fact that Congress did the same with respect to the FTCA's *discretionary function* exception (*i.e.,* it failed to similarly amend the SSA on that score) yet courts, including the Fifth Circuit itself, *see B & F Trawlers,* 841 F.2d at 630, have consistently incorporated it into the SSA. *Mid–South Holding,* 225 F.3d at 1207. The Court therefore disagrees with the Fifth Circuit's analysis and reaffirms its previous holding that the FTCA's law enforcement exception applies to the SSA.

In that regard, "[i]t is . . . basic textbook law that sovereign immunity is assumed and the waiver of sovereign immunity requires clear statutory expression." *Mid–South Holding Co., Inc. v. U.S.,* 123 F.Supp.2d 1330, 1333 (M.D.Fla.1999), *aff'd on other grounds,* 225 F.3d at 1207. This deference to sovereign immunity manifests itself in a broad interpretation of the law enforcement exception to the waiver of sovereign immunity. *Id.* at 1333–34.

Courts routinely apply the law enforcement exception to cases where plaintiffs allege that they lost property because of law enforcement's negligence. *O'Ferrell v. U.S.,* 253 F.3d 1257, 1271 (11th Cir.2001); *Schlaebitz v. U.S. Dep't of Justice,* 924 F.2d 193, 194–95 (11th Cir.1991). Here plaintiff alleges that the U.S. Marshal or his surrogate negligently caused their property to be either lost or destroyed. Doc. # 1 ¶¶ 14–17. Thus, on its face, the

law enforcement exception applies to preclude the waiver of sovereign immunity.

Plaintiff challenges this result by pointing to the above-mentioned FTCA amendment (*see supra* note 3) as the "real" meaning that Congress all along intended for the law enforcement exception. Doc. # 19 at 14–15. That, plaintiff says, should guide this Court's ruling in plaintiff's favor (*i.e.,* the law enforcement exception is not applicable in this case). This argument fails because Congress specifically directed prospective effect (*i.e.,* for forfeiture cases filed after 8/23/00) and the Government filed the forfeiture here on 10/15/99. *See supra* note 3.

Even were the amended version of the FTCA's law enforcement exception applied to this case, it would still prevent the immunity waiver plaintiff seeks. The amendment creates an exception to the FTCA's general waiver of sovereign immunity for:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer. . . .

28 U.S.C. § 2680(c).

So under this provision, there is no immunity waiver. But the amendment itself creates an exception to that exception, thus resulting in a sovereign immunity waiver for

> any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, *if*—
>
> (1) the property was seized for the purpose of forfeiture under any provision of

Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;

(2) the interest of the claimant [in fact] was *not* forfeited;

(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c) (emphasis added).

Because plaintiff's vessel *was* forfeited, its claim does not fit under 28 U.S.C. § 2680(c)(2). Hence, the "new" law enforcement exception to the FTCA's immunity waiver would apply here even were the FTCA's statutory amendment to the law enforcement exception not prospective.

Finally, Cosmomar argues that U.S. Marshals are not law enforcement officers within the meaning of the statute, so the law enforcement exception should not be applied. Doc. # 19 at 15–16. Because the Eleventh Circuit has rejected this argument, *Schlaebitz*, 924 F.2d at 194 ("law enforcement" encompasses the U.S. Marshal's Service), so must this Court.

To summarize, the law enforcement exception to the FTCA's waiver of sovereign immunity (as applied to the SAA) applies to this case. Because sovereign immunity applies, this Court lacks subject matter jurisdiction. *Mid–South Holding*, 225 F.3d at 1204.

## IV. CONCLUSION

The motion (doc. # 14) of the United States to dismiss plaintiff's Complaint is GRANTED. Plaintiff Cosmomar Shipping Co., LTD.'s Complaint (doc. # 1) is therefore **DISMISSED WITH PREJUDICE.**